Filed 10/22/13  Marriage of Parra CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MATTHEW and MARY THOMAS PARRA. | D063220 |
| MATTHEW BERNARDINO PARRA, | |
| Appellant, | (Super. Ct. No. D527064) |
| v. | |
| MARY THOMAS PARRA, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, David M. Rubin, Judge.  Affirmed.

Matthew Parra, in pro. per., for Appellant.

No appearance for Respondent.

Matthew Bernardino Parra (Parra) appeals from the family court's denial of his motion to seal the entire record in the instant dissolution action.  As we will explain, Parra has failed to provide an adequate appellate record to establish that the trial court

abused its discretion, and we accordingly affirm the order denying the request to seal the family court record.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

Although the appellate record lacks significant information about the procedural history of this action, it appears that a judgment of dissolution was entered on June 28, 2010, with the family court recently having considered requests to modify custody and visitation orders.[1]

According to a factual recitation in an order contained in the record, Parra was arrested on July 5, 2009, for an unspecified criminal offense, with his former spouse, Mary Thomas Parra, as the complaining witness. In connection with that matter, Parra filed a petition for a finding of factual innocence in San Diego County Superior Court, case No. S230535, pursuant to Penal Code section 851.8. In an order dated September 2, 2011, the superior court granted the petition, declaring Parra to be factually innocent of the charges for which he was arrested on July 5, 2009, and ordering that (1) the arresting agency's records of Parra's arrest be sealed and then destroyed within 60 days of July 6,

---

[1] Parra has properly followed the procedure to incorporate by reference the appellate record that he filed in a previous petition for writ of mandate, case No. D060289. (Cal. Rules of Court, rule 8.124(b)(2); all further rule references are to this source.) That writ petition concerned Parra's attempt to have the family court judge disqualified. We have reviewed the contents of the record in case No. D060289 and have considered it as part of the record on this appeal.

2012; (2) law enforcement request that all other local, state or federal agency destroy any records of the arrest given to them; and (3) all records of the petition for a finding of factual innocence be sealed.

On April 2, 2012, Parra filed an order to show cause in the instant proceeding requesting that the family court seal the record in this action. In support of the request, Parra attached the order granting his petition for a finding of factual innocence, but he did not file a memorandum of points of authorities. At the October 24, 2012 hearing on the order to show cause, Parra explained that he "would like the entire record" of the dissolution proceeding sealed based on the fact that he had obtained a factual innocence determination regarding his July 5, 2009 arrest. The trial court denied the request, citing the presumption in favor of public access to court records.

Parra filed a notice of appeal from the order denying his request to seal the record of this action.[2]

## II

## DISCUSSION

The law governing the sealing of records in family law matters is well-established. "A strong presumption exists in favor of public access to court records in ordinary civil trials. [Citation.] That is because 'the public has an interest, in *all* civil cases, in observing and assessing the performance of its public judicial system, and that interest

---

[2]    The order is appealable as a final determination of a collateral matter. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 77.)

3

strongly supports a general right of access in ordinary civil cases.' [Citation.] Since the First Amendment guarantee of public access to the courts is at stake, family law departments may close their courtrooms and seal their court records only in limited circumstances . . . ." (*In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1575.) Under the applicable rules, a court must make the following express factual findings as a prerequisite to sealing court records: "(1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding interest." (Rule 2.550(d).)

We apply an abuse of discretion standard of review to an order ruling on a request to seal court records. (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 299-300.)

To evaluate whether the trial court abused its discretion in applying the standards that apply to the sealing of a court record, we must necessarily understand the nature of the information contained in the court record that would justify the extraordinary step of preventing public access. Only based on that information can we determine — under the applicable legal standards — whether an overriding interest exists, whether there is a probability of prejudice, and whether the remedy sought by Parra was narrowly tailored and the least restrictive means available. (Rule 2.550(d).)

However, Parra has not provided us with an adequate record to make those determinations. Neither Parra's briefing, nor the appellate record, contains information

4

about the nature of the information that Parra wants to protect from public disclosure. We infer, based on Parra's decision to provide the family court with the order finding him to be factually innocent of the charges giving rise to the July 5, 2009 arrest, that Parra may believe that the family court file contains information directly relating to the July 5, 2009 arrest that should be shielded from public access. But if that is the case, Parra has failed to provide us any relevant portion of the record establishing that any such information appears in the family court file.

"'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. . . .' . . . This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348, citations omitted.) When an appellant "fail[s] to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him." (*Ibid*.) Issues raised without the provision of an adequate appellate record for us to evaluate them are "deemed waived." (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)

Because Parra has failed to provide us with an adequate record to determine whether the trial court abused its discretion in denying his request to seal the record, we

resolve the issue against him and presume that the trial court properly denied the request.[3]

DISPOSITION

The order denying the request to seal the record is affirmed.

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

[3] At oral argument, Parra acknowledged that in light of the applicable legal standards it was a "mistake" for him to seek an order sealing the entire family court record rather than only certain portions of the record relating to the events giving rise to the factual innocence determination. Our opinion is without prejudice to Parra filing in the family court a more focused and narrowly tailored motion to seal or redact portions of the family court record.